## Commonwealth, By etc. v. Kottmyer.

(Decided February 4, 1919.)

### Appeal from Boone Circuit Court.

Taxation—How Value of Franchise Ascertained.—In a proceeding under section 4082 Kentucky Statutes, by a revenue agent, to recover taxes due upon a franchise owned and held by an individual and operated between two states, the proper method to ascertain the value of the franchise is to capitalize the net earnings of the business wherein the franchise is exercised, and from the sum thus ascertained deduct the assessed value of the tangible property, and if there be no net income after deducting the cost of the operation from the gross income, no franchise tax is recoverable.

S. W. TOLIN for appellants.

O. M. ROGERS and JOEL C. CLORE for appellee.

Opinion_ of the Court by Judge Sampson—Affirming.

Kottmyer owns a small steam ferry boat, a gasoline boat and some other small boats, which he uses in operating a ferry on the Ohio river between Constance, Boone county, Kentucky, and a certain point in the State of Ohio. He has and had at all the times complained of, an exclusive franchise for the operation of a ferry at that point. To the ferry property belongs about nine acres of land at Constance. On this land are situated two or more residences•and some other buildings used in connection with the ferry.

This action was instituted by a revenue agent in the name of the Commonwealth to recover of Kottmyer a franchise tax upon the ferry for the years 1912, 1913, 1914, 1915 and 1916. The tangible property belonging to Kottmyer and used in connection with the ferry, was listed for the years 1912 and 1913 at $3.000, for each of said years; for the year 1914, at $20,080; for the year 1915, at $15,600; for the year 1916, at $15,600. The average gross earnings of the ferry were $5,800 per year. This action proceeds upon the ground that the difference between the earning capacity of the property, which has a fixed value in this case—$5,800—and the necessary operating expenses, is the true basis upon which to capitalize the value of the franchise, computing the interest at six per cent and then deducting the assessed value of the tangible property from the sum so realized from this capitalized value.

The appellee, Kottmyer, contends that in fixing the value of the franchise for the purpose of taxation for each of these years, the gross amount expended for operating the ferry should be deducted from the gross income of the ferry, and the difference, if any, capitalized at six per cent. in the manner set forth above, to find the value of the franchise. According to Kottmyer, his operating expenses, including repairs, oil, ropes, coal, gasoline, repair of wharves and labor, amount to $4,336.00, exclusive of his time, upon an average annually for the years named. This, however, is disputed by the revenue agent. The items of expense in operating are set forth by Kottymer with precision, while the Commonwealth undertakes to show that the expenses of operation claimed by Kottmyer are exaggerated—padded—by in-

troducing a witness or two who had connection with other boats operated under somewhat similar circumstances. Since it is admitted by the Commonwealth that the difference between the earning capacity of the property and the necessary operating expenses, is the true basis upon which to capitalize the value of the franchise for taxation purposes, it was very largely a question of fact which the courts below determined. That is to say, that the county court, as well as the circuit court, had before it the question of the amount of necessary operating expenses of the ferry, the fair cash value of the tangible property, and the gross and net earnings of the ferry for the several years named. The county court determined that the gross earnings of the ferry were not in excess of the necessary operating expenses thereof, for the years named, and dismissed appellants' petition. The Commonwealth prosecuted an appeal to the circuit court, where a like finding of fact was made, and judgment entered accordingly. From that judgment the Commonwealth appeals to this court.

Henry Kottmyer is a licensed pilot and steamboat operator. As such he acts as pilot and captain of his boats, and devotes his entire time to the work; his services are valuable and saves the necessity of employing another skilled man at a fixed cash outlay; the boats run both night and day. In the business of operating the boats and handling the freight Kottmyer employes three other persons; an engineer for the boat at $100.00 per month, or $1,200.00 per year; two freight handlers and helpers at $9.00 per week each, or $936.00 per year, thus expending a total of $2,136.00 per year for help. It is shown that the repairs for the boats and wharves, and the oil, coal, &c., amount to $2,200.00 per year, making a total of $4.336.00, actual expenses, not allowing anything for the services of Kottmyer, who devotes his entire time to the business and is actually engaged as pilot in running the boats. This sum, $4,336.00, deducted from the gross income of the business, $5,800.00, leaves $1,464.00, as salary or wages for Kottmyer in the conduct of the business. Several witnesses testified that said amount is no more than he is reasonably entitled to receive for the nature and character of services performed. Thus estimated, there would be no difference between the gross income and the necessary expenses

of operation and, therefore, nothing to capitalize on a six per cent basis to ascertain and fix the value of the franchise. The facts were found by both the county court and the circuit court to be as set forth above, and we see no reason why this court should make a different finding of fact.

Judgment affirmed.